ZEB D. ALFORD AND IQS LTD., ZEB D. ALFORD AND JOAN CHASAN ALFORD, PARTNERS OTHER THAN THE TAX MATTERS PARTNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alford v. Commissioner
Docket No. 18005-90
United States Tax Court
T.C. Memo 1991-218; 1991 Tax Ct. Memo LEXIS 240; 61 T.C.M. (CCH) 2638; T.C.M. (RIA) 91218; May 21, 1991, Filed *240 An appropriate order dismissing the petition will be entered. Thomas Rivoire, for the petitioners. William G. Bissell, for the respondent. NIMS, Chief Judge. BUCKLEY, Special Trial Judge. NIMS
MEMORANDUM OPINION This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [1] After a review of the record, we agree with and adopt her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case is before us on Respondent's Motion to Dismiss for Lack of Jurisdiction and Petitioners' Motion for a Stay. Petitioners resided in Houston, Texas, when they filed their petition herein. We deal first with respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within *241 the time provided by section 6226(b)(1). The facts are not in dispute. Respondent mailed by certified mail a Notice of Final Partnership Administrative Adjustment (FPAA) to the Tax Matters Partner (TMP) of IQS, Ltd. on March 13, 1989. On the same date, copies of the FPAA were sent by certified mail to, inter alia, petitioner Joan S. Chasan (former name of petitioner Joan Chasan Alford) and to petitioner Zeb D. Alford. Further, both petitioners received notices dated January 31, 1989, of proposed adjustments to partnership items of IQS, Ltd., from the Internal Revenue Service. The petition herein was filed in this Court on August 10, 1990. This Court does not have jurisdiction over this matter. Section 6226(a) provides for the filing of a petition by the tax matters partner within 90 days after the day on which notice of the FPAA is mailed to the TMP. The TMP did not file such a petition. Thereafter, the section provides that where the TMP does not file a readjustment petition with respect to any FPAA, "any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the *242 partnership items." Sec. 6226(b)(1). Thus, 90 days from the mailing of the FPAA to the TMP was June 11, 1989, which was a Sunday. Accordingly, the period within which the TMP might file a petition expired June 12, 1989. Further, the period during which a notice partner, such as either of the petitioners, might file a petition expired 60 days thereafter or on August 11, 1989. These time periods go to the essence of our jurisdiction, and in light of the untimely petition filed herein by the notice partners, we are required to dismiss the petition for want of jurisdiction. , affd. without opinion ; , affd. without opinion Because of our holding in regard to our lack of jurisdiction in this matter, we decline to consider petitioners' motion for a stay (or continuance). An appropriate order dismissing the petition will be entered. Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩